FILED
2021 Jul-08  PM 03:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| DRAKE MORGAN, on behalf of himself and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PEOPLEG2,<br><br>　　　　　Defendant. | Civil Action No. _____ |

## NOTICE OF REMOVAL BY DEFENDANT PEOPLEG2

TO:　THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA AND TO PLAINTIFF DRAKE MORGAN AND HIS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant PeopleG2 ("Defendant" or "PeopleG2") hereby removes the above-entitled action, Case No.11-CV-2021-900210.00, from the Circuit Court of Calhoun County, Alabama to the United States District Court for the Northern District of Alabama.

This Removal is based on 28 U.S.C. §§ 1331, 1441(a) and 1446.  This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. § 1331 and the existence of a federal question herein.  In support of its Notice of Removal, PeopleG2 states as follows:

## PLEADINGS, PROCESSES, AND ORDERS

1.　On June 1, 2021, Plaintiff Drake Morgan ("Plaintiff") filed a purported Class Action Complaint against Defendant in the Circuit Court of Calhoun County, Alabama, entitled *Drake Morgan v. PeopleG2,* Case No. 11-CV-2021-900210.00.

{MB431165.1}

2.      Plaintiff's Complaint purports to allege a single count for relief against Defendant under Section 1681b(b)(1)(A) of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(1)(A).  Plaintiff's Complaint does not assert any additional claims against Defendant.

3.      Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, notices, and orders served upon Defendant in this action are attached as **Exhibit A**.

<u>**TIMELINESS OF REMOVAL**</u>

4.      On June 8, 2021, Plaintiff purported to serve PeopleG2 with a copy of the Summons and Complaint.

5.      This Notice of Removal is timely as it is being filed within thirty (30) days after service of the Summons and Complaint. 28 U.S.C. § 1446(b); Fed. R Civ. P. 6(a)(1)(C); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

<u>**BASIS FOR REMOVAL**</u>

**FEDERAL QUESTION JURISDICTION**

6.      28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the instant action based on federal question jurisdiction in that Plaintiff's Complaint asserts a single claim under the federal FCRA, 15 U.S.C. § 1681 *et seq*., a federal statute.

8.      Specifically, Plaintiff asserts a claim under Section 1681b(b)(1)(A) of the FCRA, 15 U.S.C. § 1681b(b)(1)(A).  (**Exhibit A**, Complaint at ¶¶ 71-78.).  Accordingly, this action presents a federal question over which this Court has original jurisdiction under 28 U.S.C. § 1331, and removal of Plaintiff's Complaint is proper.

## VENUE

9.       Venue lies in the U.S. District Court for the Northern District of Alabama pursuant to 28 U.S.C. §§ 81(a)(4), 1391, 1441(a) and 1446(a). This action was originally brought in the Circuit Court of Calhoun County, Alabama, and thus should be removed to the Eastern Division of this Court pursuant to 28 U.S.C. § 81(a)(4) and the Court's division map (available at: https://www.alnd.uscourts.gov/sites/alnd/files/Alabama_co_lines_withdivisions.jpg)

## SERVICE OF NOTICE OF REMOVAL ON STATE COURT

10.       A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Circuit Court of Calhoun County, Alabama as required under 28 U.S.C. § 1446(d).

## RESERVATION OF RIGHTS

11.       By filing this Notice of Removal, PeopleG2 does not concede nor waive any defense or motion relating to this action, including that Plaintiff and putative class members lack standing to bring this action. Defendant reserves all defenses relating to the Court's jurisdiction and the justiciability of this action.

WHEREFORE, Defendant, PEOPLEG2, prays that this civil action be removed from the Circuit Court of Calhoun County, Alabama, to the United States District Court for the Northern District of Alabama, Eastern Division.

Dated: July 8, 2021                          /s/ *Joseph D. Steadman, Jr.*
                                             Joseph D. Steadman, Jr.

                                             JONES WALKER LLP
                                             11 North Water Street, Suite 1200
                                             Mobile, Alabama 36602
                                             Telephone: (251) 432-1414
                                             Facsimile: (251) 433-4106
                                             jsteadman@joneswalker.com
                                             *Attorney for PeopleG2.*

## <u>CERTIFICATE OF SERVICE</u>

I, Joseph D. Steadman, Jr., do hereby certify that I have caused a true and correct copy of the foregoing to be served upon all counsel of record, by e-mail transmission, on July 8, 2021.

<div style="margin-left: 2em;">

Marc R. Edelman, Esq.
Morgan & Morgan, P.A.
201 N. Franklin Street, Suite 700
Tampa, FL 33602
813-223-5505
813-257-0572 (fax)
medelman@forthepeople.com

Erby J. Fischer
Morgan & Morgan, P.A.
2317 3rd Avenue North
Birmingham, AL 35203
659-204-6364
659-204-6389
efischer@forthepeople.com

*Counsel for Plaintiff Drake Morgan*

</div>

<div style="margin-left: 4em;">

*/s/ Joseph D. Steadman, Jr.*
JOSEPH D. STEADMAN, JR.

</div>

# EXHIBIT A



# NOTICE TO FILER

Requirements for Completing Service

IN THE CIRCUIT CIVIL COURT OF CALHOUN COUNTY, ALABAMA

DRAKE MORGAN V. PEOPLEG2

**11-CV-2021-900210.00**

To:  ERBY JOHNSON FISCHER MR.
   efischer@forthepeople.com

In your alias summons filing, you requested that one or more of the Defendants be served by Private Process Server:

**In order to affect service, you must deliver the following document to the process server for service.**

The process server, once the process server has served the recipient, must complete the "service return". This service return must be returned to the Clerk of the Court issuing service.

KIM MCCARSON
25 WEST 11TH STREET
ANNISTON, AL 36201

**The summons and complaint should be served in compliance with Alabama Rules of Civil Procedure 4:**

How Served and Returned. The person serving process shall locate the person to be served and shall deliver a copy of the process and accompanying documents to the person to be served. When the copy of the process has been delivered, the person serving process shall endorse that fact on the process and return it to the clerk, who shall make the appropriate entry on the docket sheet relating to the action. The return shall clearly indicate the name, address, and telephone number of the person serving process. The return of the person serving process in the manner described herein shall be prima facie evidence that process has been served.

AlaFile E-Notice

11-CV-2021-900210.00

To:  PEOPLEG2
135 S. STATE COLLEGE BLVD
SUITE 200
BREA, CA, 92821

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

DRAKE MORGAN V. PEOPLEG2
11-CV-2021-900210.00

The following alias summons was FILED on 6/8/2021 12:22:11 PM

Notice Date:      6/8/2021 12:22:11 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>11-CV-2021-900210.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA
### DRAKE MORGAN V. PEOPLEG2

**NOTICE TO:** PEOPLEG2, 135 S. STATE COLLEGE BLVD SUITE 200, BREA, CA 92821

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ERBY JOHNSON FISCHER MR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Ave North, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 06/08/2021 | /s/ KIM MCCARSON | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested. _____

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____

*(Date)*

_____      _____      *(Address of Server)*

*(Type of Process Server)*      *(Server's Signature)*

_____

*(Server's Printed Name)*      *(Phone Number of Server)*



AlaFile E-Notice

ELECTRONICALLY FILED
6/8/2021 12:22 PM
11-CV-2021-900210.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

11-CV-2021-900210.00

To:  ERBY JOHNSON FISCHER MR.
efischer@forthepeople.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

DRAKE MORGAN V. PEOPLEG2
11-CV-2021-900210.00

The following complaint was FILED on 6/1/2021 3:01:20 PM

Notice Date:     6/1/2021 3:01:20 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

ELECTRONICALLY FILED
6/1/2021 3:01 PM
11-CV-2021-900210.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>11<br><br>Date of Filing:<br>06/01/2021 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA
### DRAKE MORGAN v. PEOPLEG2

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☑ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**  F ☑ INITIAL FILING          A ☐ APPEAL FROM DISTRICT COURT          O ☐ OTHER

R ☐ REMANDED          T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO      Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**      ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**
FIS010

6/1/2021 3:01:13 PM
Date

/s/ ERBY JOHNSON FISCHER MR.
Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**      ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**      ☐ YES ☑ NO

ELECTRONICALLY FILED
6/1/2021 3:01 PM
11-CV-2021-900210.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | | |
|---|---|---|
| DRAKE MORGAN, on behalf of himself and on behalf of all others similarly situated, | ) ) ) ) | ***JURY TRIAL IS REQUESTED*** |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: |
| PEOPLEG2, | ) ) | |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Drake Morgan, by and through his attorneys, and on behalf of himself and the putative class set forth below, brings the following Class Action Complaint against Defendant, PeopleG2 ("PeopleG2" or "Defendant"), including its related entities, subsidiaries, predecessors and successors, under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. §§ 1681a–x.

## PRELIMINARY STATEMENT

1.     Defendant, PeopleG2 is a consumer reporting agency ("CRA"), providing employers with consumer reports, commonly referred to as "background checks," for employment purposes. Employers rely on these reports to make employment related decisions on applicants and employees.

2.     Accessing employment-purpose background checks by anyone is presumptively illegal under the FCRA. To access and use background checks, employers must abide by strict disclosure and notice requirements imposed by the statute, and must—before they may obtain a report in the first place—certify to the CRA that they have (as to disclosure) and will (regarding notice) abide by these requirements. *See* 15 U.S.C. §§ 1681b(b)(2), (3).

3.      The FCRA also makes it presumptively illegal for a CRA like Defendant to issue a report in the employment context.  A CRA may issue such a report "only if" it first obtains from the person to whom it plans to issue the report the certification described in the preceding paragraph.

4.      These requirements must be met as to each report a CRA issues—blanket or prospective certifications by the users of reports are not permitted.

5.      The failure to meet these certification rules means the CRA is forbidden from issuing reports in the employment context. If the CRA issues a report without the certifications, it violates the law with each report is so issues.

6.      Day Star Staffing, Inc. ("Day Star") is a staffing company providing labor solutions to its clients.  However, Day Star's clients make his own hiring and firing decisions.  Day Star does not make the hiring and firing decisions for its clients.

7.      Preferred Precision Group, LLC (hereinafter, "PPG") offers outsourced quality assurance services to the automotive industry.  PPG used Day Star's services, *i.e.* was an employer-client of Day Star.

8.      Day Star and PPG had a relationship wherein Day Star's clients, *i.e.* employers, were permitted to use PeopleG2 to obtain consumer reports for employment purposes.

9.      Defendant, PeopleG2 had similar relationships with other businesses and other employers wherein PeopleG2 furnished consumer reports directly to the end-user.

10.      The FCRA, 15 U.S.C. § 1681b, makes it presumptively unlawful to obtain and use a "consumer report" for an employment purpose.  Such use becomes lawful if and only if the consumer reporting agency and user of the consumer report have complied with the statute's strict certification, disclosure, authorization and notice requirements. 15 U.S.C. § 1681b(a).

11.     PeopleG2 willfully violated these requirements, in systematic violation of Plaintiff's rights and the rights of other putative class members.

12.     PeopleG2 violated 15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii) by providing consumer reports used for employment purposes without certification from Day Star's clients that they would abide by the FCRA's disclosure, authorization and notice requirements set forth in 15 U.S.C. § 1681b(b)(2) and § 1681b(b)(3).

13.     Based on the foregoing violations, Plaintiff assert FCRA claims against PeopleG2 on behalf of himself and a class consisting of consumers whose consumer reports were furnished by PeopleG2 without certification that the user would comply with the FCRA's strict disclosure, authorization and notice requirements.

14.     In Count I Plaintiff asserts a FCRA claim against PeopleG2 under 15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii) on behalf of a "Certification Class" consisting of:

> **All employees and job applicants in the United States who were the subject of a consumer report furnished by PeopleG2 that was provided without the user's certification of compliance with 15 U.S.C. § 1681b(b)(2) and 15 U.S.C. § 1681b(b)(3), within five years of the filing of this lawsuit through the date of final judgment in this action.**

15.     On behalf of himself and the putative class, Plaintiff seek statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

## THE PARTIES

16.     Individuals and class representative Drake Morgan ("Plaintiff") lives in Alabama, was employed by Day Star and assigned to PPG, but was terminated from employment based upon the contents of his consumer report.  Plaintiff is a member of the putative class defined below.

17.     Defendant, PeopleG2 is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and provides consumer reports for employment purposes.

3

## JURISDICTION AND VENUE

18.     This is an action for statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

19.     The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p.

20.     Venue is proper in the Circuit Court for the Seventh Judicial Circuit in and for Calhoun County, Alabama because Plaintiff is a resident of Anniston, Alabama.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

21.     Congress has recognized consumer reporting agencies like PeopleG2 have assumed a vital role in assembling information on consumers, and therefore implemented the FCRA to ensure credit reporting agencies "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

22.     In accordance with Congress' findings, a consumer reporting agency may only furnish a consumer report for employment purposes if the *user* has certified its compliance with 15 U.S.C. § 1681b(b)(2)(A) before the report is furnished and certifies future compliance with 15 U.S.C. § 1681b(b)(3), if applicable.  15 U.S.C. §§ 1681b(b)(1)(A)(i)–(ii).

23.     The certification requirement reads, in pertinent part:

> (1) **Certification from user** A consumer reporting agency may furnish a consumer report for employment purposes *only if* –
>
> (A) the person who obtains such report from the agency certifies to the agency that –
>
> (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable.

15 U.S.C. § 1681b(b)(1)(A)(i) (italics added).

24.     A CRA that furnishes consumer reports used for employment purposes without receiving the requisite certification of FCRA compliance from the person obtaining the report is furnishing the consumer report unlawfully. 15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii).

25.     PeopleG2 furnished consumer reports to Day Star, with knowledge Day Star's employer/clients, not Day Star used such consumer reports for employment purposes. However, PeopleG2 furnished the consumer reports to Day Star through a web based portal used by Day Star's clients, without requiring Day Star's clients, who were actually obtaining and using the consumer reports, to certify compliance with 15 U.S.C. § 1681b(b)(2)(A) before furnishing the report or certifying future compliance with 15 U.S.C. § 1681b(b)(3), if applicable.

26.     PeopleG2 similarly furnished consumer reports to other employers who were obtaining and using the consumer reports for employment purposes, without requiring them to certify compliance with 15 U.S.C. § 1681b(b)(2)(A) before furnishing the report or certifying future compliance with 15 U.S.C. § 1681b(b)(3), if applicable.

27.     The paragraphs referenced in § 1681b(b)(1)(A)(i) are the stand alone disclosure, written authorization and pre-adverse action notification requirements set forth in § 1681b(b)(2) and § 1681b(b)(3).

28.     The purpose of the certification requirement is to ensure users of consumer reports for employment purposes follow the statutory framework Congress created to safeguard consumers' rights to privacy and information.

29.     It is flatly illegal for a consumer reporting agency to furnish a consumer report for employment purposes unless the consumer reporting agency has received the FCRA-mandated certification of compliance from the user. In fact, compliance with the certification requirement

provides the *only* lawful means for a consumer reporting agency to furnish a consumer report for employment purposes. 15 U.S.C. § 1681b(a).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

30.    PPG was an employer-client of Day Star but made its own hiring and firing decisions.

31.    Day Star required that Plaintiff authorize Day Star to obtain his background check as a condition of employment. Plaintiff did not authorize PPG or anyone else to obtain his background check.

32.    Had Plaintiff known that Day Star, PPG and Defendant would violate the law in obtaining and using his background check, he never would have signed the authorization document.

33.    And because Defendant never obtained PPG 's certification of compliance with § 1681b(b)(2), Defendant was not aware of any authorization from Plaintiff to issue his reports to PPG at the time it did so.

34.    On November 10, 2020, PeopleG2 furnished Plaintiff's consumer report to PPG. However, PPG never certified compliance with 15 U.S.C. § 1681b(b)(2)(A) or § 1681b(b)(3) before obtaining the consumer report from PeopleG2.

35.    PeopleG2 furnished the consumer reports to PPG even though PPG  had never certified compliance with 15 U.S.C. § 1681b(b)(2)(A) before obtaining the report or that it would comply with § 1681b(b)(3), if ever applicable.

36.    Despite having none of the requisite certifications of FCRA compliance, PeopleG2 still furnished PPG with hundreds of consumer reports that were being used for employment purposes.

37.     Moreover, PPG could not have possibly certified compliance with § 1681b(b)(2)(A) because the *DayStar Staffing Solutions Authorization* executed by Plaintiff, did not satisfy the requirements of § 1681b(b)(2).  Thus, the purported disclosure was also unlawful.

38.     PPG obtained Plaintiff's consumer reports from PeopleG2 and used the reports for employment purposes.

39.     Plaintiff was terminated, in whole or in part, because of the consumer report PeopleG2 unlawfully furnished to PPG.  However, Plaintiff was not provided pre-adverse action notification pursuant to § 1681b(b)(3), most likely because PPG never certified to PeopleG2 it would provide such notification, if applicable, before obtaining Plaintiff's consumer reports.

40.     In other words, Plaintiff lost his job, was not provided with the proper notice so he could learn of his right to dispute any information in the report or to otherwise discuss the information in the report before PPG fired him, and had his consumer report improperly accessed because Defendant failed to obtain the appropriate certfications from PPG.  Such failure also caused an invasion of Plaintiff's privacy and an intrusion upon his seclusion, as Defendant released his consumer report to PPG without having a statutory basis for doing so.

## PLAINTIFF'S CONCRETE HARM

41.     PeopleG2 unjustly enriched itself by unlawfully compiling Plaintiff's personal, private and sensitive information and selling it without a permissible purpose.  The injury of "unjust enrichment" has its roots in English common law.  Causes of action for unjust enrichment were part of "the traditional concern of the Courts at Westminster." *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 US 765, 774 (2000)(quoting *Coleman v. Miller*, 307 U.S. 433, 460 (1939)).

42.    PeopleG2 also violated Plaintiff's right to privacy by compiling his personal, private and sensitive information into a consumer report and furnishing it to a third party, PPG, without a permissible purpose, since PeopleG2 did not have the requisite certifications from PPG.

43.    The FCRA's protections regarding who may obtain consumer reports and under what circumstances they may do so are real and substantive, not merely procedural. The violation alleged here is not some mere technical requirement—without the certification from PPG, Defendant had no statutory permission to provide PPG with a report about Plaintiff.

44.    This improper issuance of a report harmed Plaintiff by invading his privacy and intruding upon his seclusion—Defendant released Plaintiff's private, personal information to PPG without a lawful reason for doing so.

45.    Protection of consumer privacy is one well-recognized aspect of the FCRA, and the statutory provisions violated here have been part of the FCRA since its enactment in 1970.

46.    Plaintiff and the putative class members have a common-law right to keep their personal information from being distributed and used without their knowledge. Congress sought to enhance the protection of that right by enacting the FCRA and incorporating many consumeroriented safeguards, which restrict the distribution of consumer report only for the reasons listed "and no other." Indeed, the FCRA preempts the common-law tort of intrusion upon seclusion, and the FCRA expresses Congress' finding of "a need to insure that consumer reporting agencies exercise his grave responsibilities with fairness, impartiality and a respect for the consumer's right to privacy." 15 U.S.C. § 1681a(4).

47.    Defendant invaded Plaintiff's and the putative class members' right to privacy when it provided their highly confidential personal information without a statutory basis for doing so.

8

48.     Defendant's failure to obtain the appropriate authorizations from PPG  injured Plaintiff in that (1) his privacy was unlawfully invaded by Defendant's provision of a background report about him without statutory permission; (2) Plaintiff suffered an informational injury—by not obtaining a proper disclosure of PPG's intent to obtain his consumer report for employment purposes—because Defendant did not itself obtain the appropriate certification from PPG, that it would comply with the disclosure requirement of §§ 1681b(b)(2); (3) Plaintiff was deprived of his ability to contest or discuss with PPG the contents of his consumer report because Defendant did not obtain the proper certification from PPG that it would provide the appropriate notice to Plaintiff if PPG chose to use the contents of his consumer report as a basis to deny employment; and (4) Defendant was unjustly enriched by selling Plaintiff's consumer report to PPG when Defendant had no statutory basis on which to release those report to PPG.

49.     The conduct that Defendant engaged in is precisely the type that Congress sought to prevent—invasion of consumer privacy—with the restrictions it has imposed on access to consumers' sensitive, personal information.

50.     Plaintiff and the putative class members therefore suffered a concrete, in-fact injury that is directly traceable to Defendant's conduct and that is likely to be redressed by a favorable decision here.

51.     PeopleG2 violated Plaintiff's right to privacy by compiling his personal, private and confidential information into a consumer report without a permissible purpose and selling it for a profit to a third party.

52.     PPG terminated Plaintiff's employment based in whole or in part on the contents of his consumer report, which Defendant provided to PPG without a statutory basis for doing so. However, PPG never provided Plaintiff with pre-adverse action notice, a copy of his consumer

report or summary of rights. Again, it is not surprising PPG failed to satisfy the requirements of § 1681b(b)(3) since PPG never certified to PeopleG2 that it would comply with § 1681b(b)(3) before obtaining Plaintiff's consumer report.

53.     If Plaintiff had known PeopleG2 was furnishing his consumer report to PPG without a legal right to do so, Plaintiff would not have permitted PeopleG2 to furnish his consumer report to PPG .

54.     If Plaintiff had known PeopleG2 was furnishing his consumer report to PPG without a legal right to do so, and such consumer report would be the basis for his termination, Plaintiff would not have permitted PeopleG2 to furnish his consumer report to PPG .

55.     If Plaintiff knew PeopleG2 was profiting unlawfully from his consumer report, Plaintiff would not have authorized PeopleG2 to compile his personal, private and sensitive information for sale.

## DEFENDANT ACTED WILLFULLY

56.     Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the statute's plain language, judicial decisions interpreting the Act, and in the Federal Trade Commission's and Consumer Financial Protection Bureau's promulgations.

57.     Defendant obtained, or had available, substantial written materials, which apprised it of its duties under the FCRA.

58.     Before CRAs provide consumer reports for employment purposes, they must obtain a written certification that the recipient has (a) provided the consumer with an FCRA-compliant disclosure that a report will be sought; and (b) received that consumer's written authorization.

59.     This requirement has been part of the fabric of the FCRA since Congress enacted it.  Defendant has had decades by which to become compliant with this requirement, yet it has not done so.

60.     Discovery will show that Defendant has no process or procedure directed to compliance with the certification requirement, despite knowing of its existence.

61.     Despite knowledge of these legal obligations, Defendant acted consciously in breaching its known duties and depriving the Plaintiff and putative class members of his rights under the FCRA.

62.     As a result of these FCRA violations, Defendant is liable to Plaintiff and to each putative class member for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), for the violations alleged herein, and for attorney's fees and costs pursuant to § 1681n and § 1681o.

## CLASS ACTION ALLEGATIONS

63.     Pursuant to Rule 23, Ala. R. Civ. P . 23 and 15 U.S.C. § 1681b Plaintiff asserts a claim against PeopleG2 on behalf of a "Certification Class" defined as:

> **All employees and job applicants in the United States who were the subject of a consumer report furnished by PeopleG2 that was provided without the user's certification of compliance with 15 U.S.C. § 1681b(b)(2) and 15 U.S.C. § 1681b(b)(3), within five years of the filing of this complaint through the date of final judgment in this action.**

64.     Numerosity:     The members of the putative class are so numerous that joinder of all class members is impracticable.  PeopleG2 furnished hundreds of consumer reports to PPG alone.  PeopleG2 regularly compiles consumers' personal, private and sensitive information into consumer reports for sale to employers.  Plaintiff are informed and believe that during the relevant time period, tens of thousands of employees and prospective employees, if not hundreds of thousands, satisfy the definitions of the putative class.  Based on the number of putative class

members, joinder is impracticable. The names and addresses of the class members are identifiable through PeopleG2's records and published class members may be notified of this action by mailed notice.

65. Typicality: Plaintiff's claims are typical of those of the members of the putative class. PeopleG2 typically furnishes consumer reports for employment purposes to employers. The FCRA violations suffered by Plaintiff are typical of those suffered by other putative class members because absent the requisite certifications, PeopleG2 did not have a permissible purpose to furnish the consumer report.

66. Adequacy: Plaintiff will fairly and adequately protect the interests of the putative class, and has retained counsel experienced in complex class action litigation.

67. Commonality: Common questions of law and fact exist as to all members of the putative class, and predominate over any questions solely affecting individual members of the putative class. These common questions include, but are not limited to:

    a.  whether Defendant furnished consumer reports for employment purposes without the user's certification of compliance with 15 U.S.C. § 1681b(b)(2), before furnishing such reports;

    b.  whether Defendant furnished consumer reports for employment purposes without the user's certification of compliance with 15 U.S.C. § 1681b(b)(3), if applicable;

    c.  whether Defendant's violation of the FCRA was willful;

    d.  the proper measure of statutory damages; and

    e.  the proper form of relief.

68.    This case is maintainable as a class action because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for PeopleG2. Further, adjudication of each individual class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding his ability to protect his interests.

69.    This case is also maintainable as a class action because PeopleG2 acted or refused to act on grounds that apply generally to the putative class.

70.    Class certification is also appropriate because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the putative class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all putative class members' claims in a single action, brought in a single forum.

<u>COUNT I</u>
**Failure to Obtain Certification Prior to Furnishing a**
**<u>Consumer Report for Employment Purposes in Violation of 15 U.S.C. § 1681b(b)(1)(A)</u>**

71.    Plaintiff restates the allegations set forth in Paragraphs 23 through 54 as if fully set forth herein.

72.    PeopleG2 willfully violated 15 U.S.C. § 1681b(b)(1)(A) because it provided a consumer report about Plaintiff, which was used for employment purposes, without the user's certification of compliance with the disclosure, authorization and notification requirements set forth in 15 U.S.C. § 1681b(b)(2) and § 1681b(b)(3).

73.    PeopleG2 invaded Plaintiff's privacy by compiling Plaintiff's personal, private and sensitive information into a consumer report for employment purposes, and furnishing said consumer reports without a permissible purpose.

74.    PeopleG2 caused Plaintiff injury because the report PeopleG2 furnished was used, in whole or in part, as the basis for an adverse employment action.

75.    PeopleG2 caused Plaintiff injury because PeopleG2 permitted the user of his consumer report to circumvent the disclosure, authorization and notification requirements of the FCRA when using consumer reports for employment purposes by failing to require PPG to certify compliance therewith.

76.    The forgoing violations were willful. At the time PeopleG2 violated 15 U.S.C. § 1681b(b)(1)(A), PeopleG2 knew it was required to obtain certification of compliance with 15 U.S.C. § 1681b(b)(2) from PPG before furnishing PPG with consumer reports for employment purposes and certification with the notification requirements of 15 U.S.C. § 1681b(b)(3), if applicable. PeopleG2's willful conduct is also reflected by, among other things, the following facts:

a.   PeopleG2 knew of potential FCRA liability;

b.   PeopleG2 is a consumer reporting agency with access to legal advice through their own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

c.   The FCRA's certification requirement is clearly spelled out in the plain language of the statute;

d.   PeopleG2 knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

e.   PeopleG2 voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

77.    Plaintiff and the "Certification Class" are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

78.    Plaintiff and the "Certification Class" are further entitled to recover costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative "Certification Class" prays for relief as follows:

a.   determining that this action may proceed as a class action;

b.   designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

15

c.  issuing proper notice to the putative class at PeopleG2's expense;

d.  finding that PeopleG2 committed multiple, separate violations of the FCRA;

e.  finding that PeopleG2 acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

f.  awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

g.  awarding reasonable attorneys' fees and costs as provided by the FCRA.

## **DEMAND FOR JURY TRIAL**

Plaintiff and the putative class demand a trial by jury.

Respectfully Submitted,

/s/ *Erby J. Fischer*
ERBY J. FISCHER (FIS-010)

**OF COUNSEL:**
MORGAN & MORGAN BIRMINGHAM, PLLC
2317 3rd Avenue North
Birmingham, AL  35203
P: (659) 204-6364
F: (659) 204-6389
efischer@forthepeople.com

**MARC. R. EDELMAN, ESQ.**
*(Pro Hac Vice Forthcoming)*
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone: 813-223-5505
Facsimile: 813-257-0572
Medelman@forthepeople.com

*Attorneys for Plaintiffs*

<u>**Please serve the following by certified mail**</u>

**PeopleG2**
**c/o Chris Dyer, its Registered Agent**
**135 South State College Blvd., Ste. 200**
**Brea, CA 92821**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>11-CV-2021-900210.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA
## DRAKE MORGAN V. PEOPLEG2

**NOTICE TO:** PEOPLEG2, 135 S. STATE COLLEGE BLVD SUITE 200, BREA, CA 92821

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ERBY JOHNSON FISCHER MR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Ave North, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                     *[Name(s)]*

| 06/08/2021 | /s/ KIM MCCARSON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                          *(Name of County)*

Alabama on _____.

*(Date)*

| | | |
|---|---|---|
| _____ | _____ | *(Address of Server)* |
| *(Type of Process Server)* | *(Server's Signature)* | |
| | _____ | _____ |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

### 11-CV-2021-900210.00
DRAKE MORGAN V. PEOPLEG2

| C001 - MORGAN DRAKE | v. | D001 - PEOPLEG2 |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |



# SERVICE RETURN COPY

ELECTRONICALLY FILED
6/9/2021 2:55 PM
11-CV-2021-900210.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **DRAKE MORGAN, on behalf** ) | |
| **of himself and on behalf of all others** ) | |
| **similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.: 2021-900210** |
| ) | |
| **PEOPLEG2,** ) | |
| ) | |
| **Defendant.** ) | |

## REQUEST FOR JURY TRIAL

COMES NOW, Plaintiff Drake Morgan hereby demands a trial by jury in the above

referenced action.

Respectfully Submitted,

_/s/ Erby J. Fischer_____
ERBY J. FISCHER (FIS-010)

**OF COUNSEL:**
MORGAN & MORGAN BIRMINGHAM, PLLC
2317 3rd Avenue North
Birmingham, AL  35203
P: (659) 204-6364
F: (659) 204-6389
efischer@forthepeople.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel
of record by AlaFile and/or U. S. Mail, properly addressed and first-class postage prepaid on this
the 9th day of June, 2021:

PeopleG2
c/o Chris Dyer, its Registered Agent
135 South State College Blvd., Ste. 200
Brea, CA 92821

_/s/ Erby J. Fischer_____
OF COUNSEL

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>11-CV-2021-900210.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA**
**DRAKE MORGAN V. PEOPLEG2**

**NOTICE TO:** PEOPLEG2, 135 S. STATE COLLEGE BLVD SUITE 200, BREA, CA 92821

<div align="center">*(Name and Address of Defendant)*</div>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ERBY JOHNSON FISCHER MR.                                                                                         ,

<div align="center">*[Name(s) of Attorney(s)]*</div>

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Ave North, BIRMINGHAM, AL 35203                                    .

<div align="center">*[Address(es) of Plaintiff(s) or Attorney(s)]*</div>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                                    *[Name(s)]*

| 06/08/2021 | /s/ KIM MCCARSON | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.                                    _____

<div align="center">*(Plaintiff's/Attorney's Signature)*</div>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

<div align="center">*(Date)*</div>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<div align="center">*(Name of Person Served)*          *(Name of County)*</div>

Alabama on _____ .

<div align="center">*(Date)*</div>

_____          _____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*